UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JAVIAR ROJAS CRUZ,

    Plaintiff,      Civ. No. 19-20906 (NLH) (JS)

  v.      OPINION

DET. JOSE RODRIGUEZ,
et al.,

    Defendants.

---

APPEARANCE:
Javiar Rojas Cruz
271537
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing, NJ 08330
Plaintiff Pro se

HILLMAN, District Judge

Plaintiff Javiar Rojas Cruz, an inmate presently incarcerated at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting a claim pursuant to the 42 U.S.C. § 1983.

In an Order and Opinion dated December 5, 2019, the Court administratively terminated the complaint filed November 27, 2019 because Plaintiff's in forma pauperis application was incomplete. ECF No. 3. The account statement provided by Plaintiff did not comply with 28 U.S.C. § 1915(a)(2) because it did not cover the six-month period immediately preceding the

filing of the complaint.  Plaintiff's account statement was dated August 12, 2019 over three months before the complaint was filed, and the certification form was dated April 18, 2019 both before the first entry on the account statement and some seven months before the filing of the complaint.  ECF No. 1-1.

Plaintiff did not return a complete in forma pauperis application in response to the Court's December 5, 2019 Order.  ECF No. 4.  The only document included with Plaintiff's January 9, 2020 submission is a certification form dated January 7, 2020.  He did not submit a new account statement with the certification covering the six-month period immediately preceding the filing of the complaint.  Plaintiff must submit both an account statement for the six-month period immediately preceding the November 27, 2019 complaint and a certification form attesting to that particular account statement for the Court 's review.  28 U.S.C. § 1915(a)(2).

CONCLUSION

For the reasons set forth above, Plaintiff's in forma pauperis application is denied without prejudice.  The Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was

The Clerk will be directed to reopen the matter once Plaintiff submits a new application.

An appropriate Order follows.

Dated: January 13, 2020          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).